In the

# United States Court of Appeals

### For the Seventh Circuit

No. 16-1262

LAWRENCE HAYES,

*Plaintiff-Appellant,*

*v.*

GREGG SCOTT,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 3:13-cv-03195 — **Colin S. Bruce**, *Judge.*

SUBMITTED DECEMBER 21, 2016 — DECIDED JANUARY 25, 2017

Before WOOD, *Chief Judge*, and POSNER and FLAUM, *Circuit Judges*.

POSNER, *Circuit Judge*. The Rushville Treatment and Detention Facility in Rushville, Illinois, houses persons adjudged to be sexually violent; often they are persons who have completed prison sentences for sexually violent acts but are considered too dangerous to be released into the general population; so they remain confined, though in a facility (Rushville) that is not, at least technically, a prison. See,

e.g., *Hughes v. Scott*, 816 F.3d 955, 955–56 (7th Cir. 2016). The plaintiff, a detainee at Rushville named Lawrence Hayes, sued Gregg Scott, Rushville's acting director, claiming that Scott was deliberately indifferent to Hayes's hydration needs during a five-day "boil order" imposed by the City of Rushville and applicable to the treatment and detention facility.

The boil order directed residents of Rushville (including the detainees in the treatment and detention center) to boil tap water before drinking it. The detainees have sinks in their rooms and access to a microwave oven, so during the five days in which the boil order was in effect Hayes could boil the water from his sink in his microwave. He was also given an eight-ounce carton of milk at each of his three daily meals. Yet he claims to have gone without any drinkable water for five days, during which time he felt dizzy and dehydrated.

The district judge granted summary judgment in favor of defendant Scott. He ruled that that the boil order did not deprive Hayes of adequate hydration, as he did not deny that microwave-boiled water from his room's tap was drinkable and milk available to him at all meals. The unlimited microwave-boiled water and the servings of milk at each mealtime (not to mention beverages at the commissary) were reasonable and adequate options for hydration. Nor is there any evidence that Scott was deliberately indifferent to the plight of the detainees during the boil order, since he notified them of the order and how to cope with it (by boiling water in their microwave ovens), and even ordered extra supplies of boiled water. Officials of detention facilities do not incur liability if they "responded reasonably to [a] risk [of harm to a detainee's health and safety], even if the harm ultimately

was not averted." *Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002). Here it was averted.

As for Hayes's complaint about feeling dizzy and dehydrated during the boil order, he didn't tell Scott about this, and there can't be *deliberate* indifference if the indifferent person did not know what harm he was being indifferent to.

The judgment of the district court is therefore

AFFIRMED.